IN THE UNITED BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:                                              CASE NO.: 23-30043-KKS
                                                    CHAPTER: 7

TAYLOR DALTON,

    Debtor.
_____/

TAYLOR DALTON,                                      ADVERSARY NO.: _____

    Plaintiff,
v.

MISSOURI HIGHER EDUCATION LOAN AUTHORITY
A.K.A., MOHELA, and
U.S. DEPARTMENT OF EDUCATION,

    Defendants.
_____/

## COMPLAINT FOR HARDSHIP DISCHARGE OF A STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)

    COMES NOW, Plaintiff, Taylor Dalton, and complains of the Defendants, MOHELA, and U.S. Department of Education. Plaintiff is seeking a hardship discharge of student loans which are held, guaranteed, or serviced by Defendants. In support of this Complaint, Plaintiff respectfully shows the following:

I.    INTRODUCTION

    Plaintiff is a debtor in a Chapter 7 bankruptcy. At the time that the bankruptcy was filed, Taylor Dalton was 35 years of age and a single father of a minor child. Plaintiff seeks to discharge his student loan debts pursuant to the provisions of 11 U.S.C. § 523(a)(8).

## II.     JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding and for Injunctive and Declaratory Relief pursuant to 28 U.S.C. §1331 and 1334; 28 U.S.C. §§2201-2202; FRBP 7001(6); FRBP 4007; and 11 USC § 523. The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding a contemplated by 28 U.S.C. § 157(b)(2)(A), (E), (G), (I), (J) and (O).  Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

## III.     PARTIES

2. The Plaintiff is Taylor Dalton ("Mr. Dalton") who resides in Pensacola, Florida.

3. Defendant MOHELA is the loan servicing unit for all Public Service Loan Forgiveness (PSLF) loans.  MOHELA may be served by serving its Executive Director and CEO, Scott D. Giles, at 633 Spirit Street, Chesterfield, MO 63005.

4. Defendant U.S. Department of Education may be served by serving U.S. Secretary of Education, Miguel Cardona, at 400 Maryland Ave. SW, Washington D.C. 20202, and Attorney General Merrick B. Garland, at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington D.C. 20530, and U.S. Attorney for the Northern District of Florida, Jason R. Coody, Attn: Civil Process Clerk, 21 East Garden Street, Suite 400, Pensacola, Florida 32504.

## IV.     FACTUAL ALLEGATIONS

5. On or about January 20, 2023, Mr. Dalton commenced this above case by filing a voluntary petition under Chapter 7.  Pursuant to 11 U.S.C. § 301, the Order for Relief was effective on the same day.

6. At the time of this filing, the debtor's wages are $ 2,501.00; minus payroll deductions, he receives $2,198.00 monthly.  The debtor is a single father and has one minor child, age15 years old.  Debtor's assets are generally limited to his monthly income, receipt of child support payments, and food stamps.

7. The debtor's household expenses are modest:

| | |
|---|---|
| Rent | $ 1240.00 |
| Utilities/cell phone/cable | $ 150.00 |
| Food, and housekeeping | $ 225.00 |
| Car note, transportation/fuel, insurance | $ 545.00 |
| Personal care, clothing | $ 210.00 |
| Entertainment | $ 100.00 |

8. The student loan debts were initially serviced by Great Lakes, were then transferred to Nelnet, and are now consolidated through MOHELA. The student loans arise from Plaintiff's attendance at the University of West Florida in pursuit of a master's degree in Industrial/Organizational Psychology. Mr. Dalton received his master's degree in 2013. The total loans for this degree are approximately $57, 234.25 as of April 2023.

## V.   CAUSES OF ACTION

9. Plaintiff asserts it will be an undue hardship to except the student loan debts for discharge.

10. Plaintiff expects that his household income will stay the same.

11. Plaintiff is the sole provider of his household and has a teenage son. Plaintiff receives $275.00 a month in child support payments, and $126.00 a month in food stamps.

12. Plaintiff attended the University of West Florida and earned a master's degree in Industrial/Organizational Psychology. Mr. Dalton has been unsuccessful in obtaining employment in that field. When Plaintiff was unable to find work using his master's degree, he found work with the State of Florida, Department of Health, as a Records Analyst related to Social Security disability claims. Plaintiff is presently in a position which could lead to the forgiveness of his loans in approximately five years under the federal student loan forgiveness program. However, Plaintiff is unsure of whether he will be able to retain this position and whether the program will still be in effect in five years' time.

13. Plaintiff's expenses are modest as set forth above. Plaintiff's expenses are reasonable and necessary. There are no prospects for a reduction in

expenses. Plaintiff's son is 15 years of age, but he is on the autism spectrum and will likely reside with Plaintiff well into adulthood and possibly forever.

      14. Plaintiff had hoped to make payments, but based on his expenses, he is unable to make payments on the loans.

      15. Plaintiff asserts that the student loans are dischargeable as allowed in 11 U.S.C. § 523(a)(8).

      WHEREFORE, Plaintiff demands a judgment declaring that the educational loans to Defendants are dischargeable pursuant to 11 U.S.C. § 523(a)(8).

Respectfully submitted,
/s/ *Melissa Condon Onacki*
Melissa Condon Onacki
Florida Bar No.: 0808741
MOnacki@lsnf.org
Legal Services of North Florida
1741 N. Palafox Street
Pensacola, Florida 32501
Attorney for Plaintiff in Adversary Proceeding